# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Garrett Marcell Warbington,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | Civil Action No. 19-1585 (CKK) |
| : | |
| **Harris Teeter, Inc.,** : | |
| : | |
| **Defendant.** : | |

## **MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, filed a complaint in the Superior Court of the District of Columbia against Harris Teeter, Inc., which removed the action to this Court based on diversity jurisdiction. *See* Not. of Removal ¶¶ 3, 6, 7 [Dkt. # 1] (citing 28 U.S.C. § 1441(b)(1)). Pending is Defendant's Motion to Dismiss, or Alternatively, for a More Definite Statement. For the following reasons, the Court will grant the motion to dismiss.

On July 1, 2019, plaintiff was ordered to respond to defendant's motion by August 5, 2019 or face possible dismissal of the case. *See* Order [Dkt. # 8]. Plaintiff has neither complied with the order nor requested additional time to comply. Consistent with the advisements in the order the Court turns to defendant's arguments, and it agrees that the Complaint [Dkt. # 1-1] is wholly deficient in stating a viable claim for relief. *See* Def.'s P. & A. in Supp. of Mot. to Dismiss at 2-4; Fed. R. Civ. P. 8(a) (setting out minimal pleading requirements). Therefore, dismissal is warranted, albeit without prejudice. *See* Def.'s Praecipe of Dismissal [Dkt. # 9] (requesting dismissal with prejudice); *cf. Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is harsh and warranted only when a trial court "determines that 'the allegation of other facts consistent with the challenged pleading could not possibly cure

the deficiency.' ") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985)); *Koch v. White*, 134 F. Supp. 3d 158, 164 (D.D.C. 2015) ("Given the strong preference for adjudicating cases on their merits rather than on the basis of formalities, . . . dismissal with prejudice for less than perfect compliance with Rule 8(a) is unwarranted") (citing *Ciralsky v. CIA*, 355 F.3d 661, 670-71 (D.C. Cir. 2004)).  A separate order accompanies this Memorandum Opinion.

Date:  September 18, 2019

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge